**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELKYN S. ESTRADA-AGUADO; et al., | No. 19-72222 |
| Petitioners, | Agency Nos. A206-681-617 |
| v. | A206-681-618 |
| | A206-681-614 |
| MERRICK B. GARLAND, Attorney General, | A206-681-615 |
| | A206-681-616 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Melkyn S. Estrada-Aguado, his wife, and his three minor children, natives

and citizens of Nicaragua, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

decision denying their applications for asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

As to the asylum claim of the two adult petitioners, in their opening brief, petitioners do not contest the BIA's determination that they waived any challenge to the IJ's finding that asylum was time barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

As to the asylum claim of the three minor petitioners, substantial evidence supports the agency's determination that the harm petitioners experienced did not rise to the level of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177-80 (9th Cir. 2004) (recognizing that "mere economic disadvantage alone does not rise to the level of persecution" and finding no past economic persecution).

Substantial evidence also supports the agency's determination that petitioners failed to establish an objectively reasonable fear of harm on account of an actual or imputed political opinion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Thus, the asylum claims of the three minor petitioners fail. Because the minor petitioners failed to establish eligibility for asylum, in this case, they did not

establish eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

As to the withholding of removal claims of the two adult petitioners, they likewise failed to establish eligibility for relief.  *See Gormley*, 364 F.3d at 1177-80; *Reyes*, 842 F.3d at 1131; *Lanza v. Ashcroft*, 389 F.3d 917, 935 (9th Cir. 2004) (no clear probability of persecution).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if they returned to Nicaragua. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not err in declining to reach the IJ's alternative adverse credibility determination.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach); *see also Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (reviewing de novo claims of due process violations in immigration proceedings). We reject as unsupported by the record petitioners' contentions that the agency otherwise erred in its consideration of their claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.